IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| James R. Smith, | ) | Case No.: 1:20-cv-01907-RMG |
| | ) | |
| Petitioner, | ) | **ORDER** |
| v. | ) | |
| Warden Edsel Taylor, | ) | |
| Respondent. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 17) recommending that Respondent's motion for summary judgment be granted and Petitioner's petition for habeas relief be dismissed. For the reasons set forth below, the Court adopts the R & R as the order of the Court and grants Respondent's motion for summary judgment.

**I.    Background**

James R. Smith ("Petitioner") is an inmate housed at the McDougall Correctional Institution of the South Carolina Department of Corrections. He filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner originally plead guilty to two counts of armed robbery on August 16, 2007. (Dkt. No. 16-2). Petitioner filed a first application for post-conviction relief ("PCR") on July 14, 2008. (Dkt. No. 13-2 at 6). Petitioner and his attorney moved to withdraw his application with prejudice and an order of final dismissal was filed on April 26, 2010. (*Id.*). Upon learning that South Carolina law requires inmates to participate in the Community Service Program ("CSP") after release from a "no parole offense", Petitioner filed a subsequent PCR application on October 22, 2018. (*Id.* at 1). A final order of dismissal was issued on January 14, 2020. (*Id.*). Petitioner filed an appeal and the Supreme Court of South Carolina

dismissed the appeal on April 24, 2020. (*Id.* at 5). The remittitur was issued on June 8, 2020. (*Id.* at 3).

Petitioner filed the instant petition for habeas corpus on May 18, 2020, with one ground for relief that the application of the CSP program to his sentence is illegal and violates due process rights. (Dkt. No. 1). Defendant filed a motion for summary judgment and Petitioner filed a response. (Dkt. Nos. 13; 16). On October 5, 2020 the Magistrate Judge issued an R & R recommending the Court dismiss the petition because it was not timely filed pursuant to 28 U.S.C. § 2241(d)(1). (Dkt. No. 17). Petitioner filed objections to the R & R. (Dkt. No. 19). The matter is ripe for the Court's review.

## II.     Legal Standard

### A.     *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### B.     Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. Fed. R. Civ. P. 72(b)(2). Where the plaintiff fails to file any specific

objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Petitioner filed objections and the R & R is reviewed *de novo.*

### III.    Discussion

A petition for habeas corpus must be filed within one year of the latest of several triggering dates given by statute. 28 U.S.C. § 2244(d)(1). The most common triggering date is the denial of Petitioner's direct appeal to the state court of last resort. 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period accrues on the day following the date of state court of last resort's decision, not the date of issuance of its mandate or remittitur. *Gonzalez v. Thaler*, 132 S. Ct. 641, 654 (2012). Here, there was no direct appeal to the South Carolina State Supreme Court. In such cases, the triggering date is the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

The one-year limitations period is tolled during the pendency of PCR proceedings. 28 U.S.C. § 2244(d)(2). The PCR tolling period begins when an initial PCR application is properly filed in state court. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). It includes the time during which the denial of the PCR application is on appeal within state courts, including the time between the PCR court's denial of the application and the filing of a timely notice of appeal. *Evans v. Chavis*, 546 U.S. 189, 191, 198, 201 (2006). But it does not include certiorari review by the United States Supreme Court. *Lawrence v. Florida*, 549 U.S. 327, 329 (2007). The tolling period ends when the final state appellate decision affirming denial of the application is filed in the state circuit court. *Beatty v. Rawski*, 97 F. Supp. 3d 768, 780 (D.S.C. 2015).

Upon a careful review of the petition, briefs, and petitioner's objections to the R & R, the Court finds the Magistrate Judge correctly calculated that the petition was filed outside of the

statute of limitations period. In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. SCACR Rule 203(b)(2). Thus, if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe*, 257 F.3d, 398 (4th Cir. 2001). Petitioner did not file a direct appeal and his conviction became final ten days after the adjudication of guilt, on August 27, 2007. The statute was tolled from July 14, 2008 until April 26, 2010 when the court dismissed petitioner's first PCR challenge at his request. Petitioner filed the instant federal habeas petition over ten years later on May 18, 2020, outside the one-year statute of limitations. 28 U.S.C. § 2244(d)(1)(A). Petitioner does not dispute these facts, but argues an alternative date triggered the statute of limitations. He invokes 28 U.S.C. 2241 (d)(1)(D) arguing that he did not discover the factual predicate for his habeas claims until September 25, 2018 when he learned he would have to participate in the CSP program. (Dkt. No. 16 at 1-2). Yet, as the Magistrate Judge correctly pointed out, this argument has been rejected by courts. *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003) (holding the limitations period began to run when a petitioner could have discovered the factual predicate of his claim through public sources.); *Booker v. Bodison*, C/A No. 8:10-1098-HMH-JDA, 2011 WL 1807400, at *4 (D.S.C. May 11, 2011) (explaining that although petitioner argued he lacked knowledge of the CSP requirement, that requirement could have been discovered through public resources because the South Carolina Code of laws is publicly available and petitioner plead guilty to a no parole offense).

In addition, the Magistrate Judge correctly concluded that equitable tolling principles do not apply to permit review of Petitioner's time-barred claim. The Supreme Court has held that the statute of limitations for habeas petitions "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). The limitations period should be equitably tolled "only if [the petitioner] shows (1) that he has been pursuing his rights diligently, and (2) that

some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562. As the Magistrate Judge ably concluded, Petitioner has not alleged, nor does the record reflect an extraordinary circumstance to warrant equitable tolling. As such, the petition is subject to dismissal on statute of limitations grounds.

## IV.     Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge, **GRANTS** Respondent's motion for summary judgment, and **DISMISSES** the petition for habeas relief.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met because reasonable jurists would not find it debatable that the Petition is time-barred. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　 s/Richard Mark Gergel
　　　　　　　　　　　　　　　　　　　　　　　　Richard Mark Gergel
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

November 9, 2020
Charleston, South Carolina